UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHIRLEY WILLIAMS,

                              Plaintiff,

                                                               <u>DECISION AND ORDER</u>

                                                                 04-CV-6227L

            v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

       Plaintiff appeals from a denial of disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) a to review the final determination of the Commissioner.

       On August 6, 1998, plaintiff, then forty years old, filed an application for disability insurance benefits, which was denied initially and on reconsideration. (T. 31-42, 215-217). Plaintiff requested a hearing, which was held on April 14, 2000 before Administrative Law Judge ("ALJ") Seymour Rayner. (T. 43, 706-729). The ALJ issued a decision on May 11, 2000, concluding that plaintiff was not disabled under the Social Security Act. (T. 767-774). Plaintiff requested review of the ALJ's decision, which was granted by the Appeals Council on August 24, 2001. (T. 54-58, 97-99).

While Appeals Council review was pending, plaintiff protectively filed an application for Social Security Income benefits on July 25, 2000, which was also denied initially and on reconsideration. (T. 33, 100-103, 588-602). Plaintiff requested a hearing, and her DIB and SSI claims were consolidated. (T. 143). A hearing was held on March 4, 2002 before ALJ John Costello. On March 26, 2002, the ALJ issued a decision denying plaintiff's claims. (T. 143-151, 667-705). On January 2, 2003, the Appeals Council granted plaintiff's request for review of that decision, finding that the ALJ had failed to examine the weight and potential impact of evidence concerning plaintiff's right knee and back pain, alcohol abuse, depression and personality disorder on her RFC, and remanded the matter for rehearing. (T. 152, 177-180).

On May 21, 2003, plaintiff appeared at a third hearing before ALJ Costello, at which she was represented by counsel. (T. 603-666). The ALJ again denied her claims by a decision dated June 26, 2003. (T. 19-30). On April 2, 2004, the Appeals Council denied plaintiff's request for review of this third decision. (T. 9-15). Plaintiff thereafter appealed to this Court, submitting new medical evidence of disability, primarily a May 2004 computer tomography myelogram (CT scan) which appeared to show a progressively worsening spinal condition. (Tr. 889-891). On April 3, 2006, the district court affirmed the Commissioner's final decision that plaintiff was not disabled for purposes of entitlement to disability insurance benefits ("DIB") or supplemental security income ("SSI") benefits. *See Williams v. Commissioner*, 423 F. Supp. 2d 77 (W.D.N.Y. 2006). Plaintiff appealed, and on April 24, 2007, the Second Circuit Court of Appeals remanded the matter, finding that although the ALJ's underlying determination that plaintiff was not disabled was supported by substantial evidence in the record, remand was warranted for the

purpose of considering the May 2004 myelogram, which had post-dated the ALJ's decision. (T. 781-787). *See Williams v. Commissioner*, 236 Fed. Appx. 641 (2d Cir. 2007).

On February 14, 2008, ALJ James Dombeck held an additional hearing, at which plaintiff appeared and testified. (T. 743-765). After considering the case de novo, on March 28, 2008, the ALJ issued a partially favorable decision. Specifically, the ALJ found that the newly-submitted medical evidence established plaintiff's disability for purposes of SSI eligibility as of May 12, 2004. However, the ALJ determined that plaintiff was not entitled to DIB because her insured status requirements had expired on December 21, 2003. The ALJ also found no basis to disturb the June 2003 decision, which related to plaintiff's eligibility for SSI during a prior time period, for which no new medical evidence had been submitted. (T. 733-742.) This fourth ALJ decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff now appeals.

The Commissioner has moved for summary judgment dismissing the complaint, on the grounds that the ALJ's March 28, 2008 decision was supported by substantial evidence in the record. (Dkt. #38). The plaintiff has cross moved to "expedite" the Court's disposition of her case. (Dkt. #39). For the reasons set forth below, the Commissioner's motion is granted, the complaint is dismissed, and plaintiff's motion to expedite is denied as moot.

DISCUSSION

In determining whether a claimant is disabled within the meaning of the Social Security Ac, an ALJ follows a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in

substantial gainful work activity. *See* 20 CFR §404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities. 20 CFR §404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the claimant's impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled. If not, analysis continues to step four, where the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f). Then, the ALJ determines whether the claimant's RFC permits her to perform the requirements of her past relevant work. If so, the claimant is not disabled. If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

ALJ Dombeck's findings are set forth in a ten-page decision analyzing both plaintiff's prior claims of disability, and the more recent medical evidence of disability submitted by plaintiff after the initial decisions were rendered. The decision provides an overview of the prior findings, reviews all of the newly-submitted evidence, and includes detailed findings of fact. Upon review of the record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff has not established entitlement to SSI for any period prior to May 12, 2004, is supported by substantial evidence.

Specifically, I find that substantial evidence supports the ALJ's conclusion, which is entirely consistent with the opinions and medical evidence of plaintiff's treating and examining physicians, that prior to May 12, 2004, plaintiff retained the residual functional capacity ("RFC") to perform a range of light work. During that time, plaintiff had the ability to lift, carry, push or pull twenty pounds occasionally and ten pounds frequently, to sit, stand or walk for six hours in an eight hour day, with occasional stooping, bending or stair climbing, fair ability to work with others, good concentration, persistence and pace, and with limitations on repetitive lifting. In light of those limitations and based upon the testimony of a vocational expert, the ALJ properly concluded that plaintiff was capable of performing her past relevant work as a short-order cook, and further could work as a cafeteria attendant and a cashier II. (T. 740). Indeed, all of these findings were reviewed and affirmed by the Second Circuit in its April 24, 2007 decision remanding the matter solely for consideration of the newly-submitted evidence from in and around May 2004. *See Williams*, 236 Fed. Appx. 641, 644 ("the ALJ's determination was supported by substantial evidence").

I also concur with the ALJ's conclusion that plaintiff eventually became disabled, on or around May 12, 2004. The ALJ considered plaintiff's newly-submitted medical evidence, particularly the May 11, 2004 myelogram showing spinal epidural lipomatosis ("SEL") – a condition which causes narrowing of the spinal canal and compression of neural structures – exacerbated by morbid obesity, which the ALJ determined constituted a severe impairment not meeting or equaling a listed impairment. Based on that evidence, the ALJ found that beginning May 12, 2004, plaintiff's RFC was limited to sedentary work as defined in 20 CF 404.1567(a)

and 416.967(a), and further that she would be required to use a cane as needed, could stoop, bend and climb stairs only occasionally, and required frequent, indeterminate breaks throughout an eight hour day. In fixing May 12, 2004 as the onset date, the ALJ first found that the plaintiff's newly-submitted evidence established a diagnosis of SEL. The ALJ then searched the record for the earliest evidence of onset. The earliest record evidence of SEL appeared in a May 11, 2004 myelogram record which, for the first time and in contrast to prior imaging tests, showed multilevel SEL resulting in central canal stenosis and bilateral facet disease. (T. 859). The ALJ also credited plaintiff's allegations regarding her symptoms and limitations during that time period, and noted that other medical records reflected a slow, gradual worsening of plaintiff's condition from the May 11, 2004 myelogram forward. (T. 739). SEL can be alleviated and cured through weight loss, and to that effect the ALJ noted that plaintiff's treating physician had recommended that she undergo a gastric bypass procedure (which plaintiff refused) and needed to pursue "aggressive weight loss" if she wished to improve. *Id*. In light of the improvement that could be achieved if plaintiff succeeds in losing weight, I also concur with the ALJ's recommendation that a continuing disability review be conducted no later than May 2011, to determine whether plaintiff achieves any relief with medically prescribed weight loss. (T. 742).

In appealing the ALJ's determination, plaintiff does not identify any errors in the ALJ's analysis, or challenge his determinations relating to her RFC, either before or after the May 12, 2004 date identified by the ALJ as the onset date of plaintiff's disability. Rather, plaintiff argues that: (1) the ALJ failed to afford controlling weight to the records of certain treating physicians who referred to her as "disabled" in 1997; and (2) the ALJ made minute factual mistakes in the

determination under review and in previous decisions, which undermine the credibility of his judgment as a whole. I find these arguments to be without merit.

An ALJ is required to afford controlling weight to the opinions of treating physicians, only insofar as those opinions are: (1) well-supported by medically acceptable clinical and laboratory diagnostic evidence; and (2) not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Plaintiff urges that the ALJ failed to "agnolige [sic] that Dr. Rodenhouse diagnosed me disable [sic] in June 6, 1997 and Dr. Franks my primary care doctor dianoised [sic] me diablde [sic] in 7/10/97." (Dkt. #42, "Summery" [sic] at 1-2). Plaintiff's characterization of these reports is, however, incorrect. Dr. Rodenhouse stated only that plaintiff's discomfort rendered her temporarily disabled from her employment as a maintenance person, and at no point referred to plaintiff as being under a total disability, or described functional limitations that would support such a finding. (T. 377). To the extent that Dr. Franks' cursory July 10, 1997 report refers to plaintiff as "bother[ed]" by back pain, and "feel[ing] like she needs to be out of work to relieve it . . . Back pain currently totally disabled," his isolated use of the term "disabled" is inconsistent with other contemporaneous medical evidence of record, unsubstantiated by any comprehensive objective findings, contains no description of plaintiff's RFC, and fails to indicate the expected duration of plaintiff's condition. Plaintiff also refers to additional medical records, including a May 23, 1997 MRI report, which indicate that she had a herniated disc and minimal neural foraminal encroachment at that time. Again, whether taken separately or together, these records and reports do not suggest that plaintiff's spinal condition had reached disabling levels, nor do they otherwise undermine the

substantial evidence in the record – evidence which the Second Circuit found sufficient to support the ALJ's finding that plaintiff was not disabled prior to his 2003 determination – that the plaintiff was not disabled at any point prior to May 12, 2004. *See Williams*, 236 Fed. Appx. at 641.

Plaintiff's arguments that the ALJ made minute factual or typographical errors are also unavailing. Plaintiff notes that an ALJ listed her birth date incorrectly at some point in 2003, and argues that she was mistakenly characterized her as a "younger person" for purposes of her disability analysis. Initially, ALJ Costello's 2003 determination, which has been affirmed by the Second Circuit, is not under review. Furthermore, there is no dispute that in each of the underlying decisions as well as in ALJ Dombeck's decision under review, the ALJ correctly calculated and applied plaintiff's age to the analysis of her claims. Finally, plaintiff's erroneous belief that she was entitled to "older person" status – a classification which does not exist under the Social Security Act – is without basis. As an individual under the age of fifty, plaintiff was at all relevant times correctly characterized as a "younger individual" for purposes of the Act. *See* 20 CFR 404.1564.

Plaintiff accuses ALJ Dombeck of forging documents to alter her alleged onset date from 1995 to 1998. However, the change appears to have been one of plaintiff's own making. Although the October 9, 1998 document to which plaintiff refers – an earlier application for benefits – did identify an onset date of November 29, 1995 (T. 258), in her August 9, 2000 application, plaintiff specifically listed her alleged onset date as May 23, 1998. (T. 589-592). In any event, regardless of when and how plaintiff's alleged onset date was changed, there is no

evidence that the ALJ ever rejected, or otherwise failed to properly consider, plaintiff's medical records prior to May 23, 2008. As such, I find that to the extent the alteration of plaintiff's alleged onset date was made in error, such error is harmless.

Plaintiff also contends that the ALJ attempted to "demean" her treating surgeon, Dr. Rodenhouse, by describing him as an orthopedist rather than a neurosurgeon. The Court notes, but need not explore the similarity in training and practice for orthopedic surgeons and neurosurgeons, because plaintiff is incorrect: the ALJ refers to Dr. Rodenhouse as plaintiff's "treating neurosurgeon." (T. 739).

Taken together, the plaintiff's medical records and treating and examining physician reports, including the newly-submitted evidence consisting primarily of the report of findings from a May 11, 2004 myelogram, simply do not support her claim that she was totally disabled prior to the May 12, 2004 date fixed by the ALJ. Plaintiff has not identified any evidence – newly-submitted or otherwise – which suggests that she was suffering from SEL, or from any other condition which disabled her from work for purposes of the Act, prior to her SEL diagnosis in May 2004. As such, I concur with the ALJ and conclude that there is substantial evidence to support his determination that plaintiff retained the residual functional capacity to perform a limited range of work for which jobs existed prior to May 12, 2004, and was therefore not disabled at that time. *See* 20 C.F.R. Part 303, Subpt. P, App. 2. *See generally Rosa*, 168 F.3d 72 at 78 ("[i]n the ordinary case, the Commissioner meets his burden [to demonstrate substantial gainful work which exists in the national economy and which plaintiff can perform] by resorting to the applicable medical vocational guidelines"). Plaintiff has not challenged the ALJ's finding

that she was not entitled to disability insurance benefits, and the Court concurs with that finding as well.

Based on the foregoing, I find no reason to modify the ALJ's decision.

CONCLUSION

The Commissioner's motion for summary judgment (Dkt. #38) is granted, and plaintiff's motion to expedite a decision on her entitlement to benefits (Dkt. #39) is denied as moot. The Commissioner's decision that plaintiff, Shirley Williams, was not disabled prior to May 12, 2004, is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 7, 2010.